IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Michael Ladale Reeves, ) | |
| ) | |
| ) | Civil Action No. 6:15-3666-GRA-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Jennifer Leigh Martin; ) | |
| Spartanburg County Magistrate's ) | |
| Office; Media General; ) | |
| Spartanburg County Sheriff's Office; ) | |
| Greenville County Sheriff's Office; ) | |
| Officer Jason Brown; SCENE - TV 7; ) | |
| WSPA - TV 7; and WYCW - TV 62, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff is a resident of Greenville County. The above-captioned case arises out of events that gave rise to a criminal charge against the plaintiff in the Magistrate Court for Spartanburg County.

There appears to be a collation error in the complaint. Page six of the complaint is the actual beginning of the Statement of Claim portion. In the complaint, the plaintiff alleges that he called Jennifer Lee Martin, a reporter with a Spartanburg television station (WSPA), on February 17, 2014 (doc. 1 at 6). On February 20, 2014, Officer Brown called the plaintiff and told him not to contact Ms. Martin. The plaintiff claims that Officer Brown accessed his phone records without a subpoena and violated the his civil rights. At the time, the plaintiff states he was recovering from heart failure and "they" were aware of the plaintiff's health issues (*id*.).

On August 15, 2014, the plaintiff received a notice of hearing for a restraining order from the Spartanburg County Magistrate's Court.  The plaintiff claims that since the the website of the Spartanburg County Magistrate Court states both parties must be residents of Spartanburg County, "[t]his is an abuse of power and authority and a severe overreach and a violation of [the plaintiff's] civil rights" and also constituted slander, libel, and defamation of character.  Around this date, the plaintiff claims that "Scene on 7," a local television show on WSPA, blocked the plaintiff from their Facebook page and that this constituted discrimination (*id*. at 4).  On September 4, 2014, the plaintiff was arrested for harassment.  The plaintiff claims that he complained about the tight handcuffs, was taken for a "nickel" ride, and was kidnapped, falsely arrested, and falsely imprisoned (*id*.).  On November 4, 2014,  the plaintiff pled no contest to the charge and paid the $470 fine.  At the plaintiff's hearing, Officer Brown "instructed the judge to instruct [the plaintiff] that the restraining order was still in effect" (*id*. at 4-5).  In his prayer for relief, the plaintiff requests that these "actions" should be struck from his record (*id*. at 7).  The plaintiff also seeks restoration of his reputation, a public apology, and five million dollars in punitive damages for mental and emotional distress (*id*.).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915.  The plaintiff is a *pro se* litigant, and thus the plaintiff's pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

As earlier stated, the plaintiff discloses that he pled *nolo contendere* to harassment. The Public Index database on the Spartanburg County Clerk of Court website (http://publicindex.sccourts.org/Spartanburg/PublicIndex/PISearch.aspx, last visited on Sept. 16, 2015) indicates that in Magistrate Court Case No. 2014A4210103476, the plaintiff pled *nolo contendere* on October 7, 2014, and was sentenced to a fine or 30 days in jail. This federal court may take judicial notice of the plaintiff's criminal case in the Magistrate Court for Spartanburg County. See *Mitchell v. Newsom*, Civil Action No. 3:11-0869-CMC-PJG, 2011 WL 2162723, *3 n. 1 (D.S.C. May 10, 2011) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records), *adopted by* 2011 WL 2162184 (D.S.C. June 1, 2011).

Since the plaintiff pled *nolo contendere* to harassment and paid the fine, any claims pertaining to the criminal proceedings in Magistrate Court Case No. 2014A4210103476 are barred by the holding in *Heck v. Humphrey*, 5612 U.S. 477, 486–87 (1994), because a right of action has not accrued.

In this civil rights action, the plaintiff cannot obtain damages for defamation. An alleged act of defamation of character or injury to reputation is not actionable under 42 U.S.C. § 1983. *Paul v. Davis*, 424 U.S. 693, 697–710 (1976). Secondly, under longstanding South Carolina case law, contents of governmental records – such as judicial proceedings, case reports, published cases, investigative reports, or arrest records – do not give rise to liability for slander or libel. *See Heyward v. Cuthbert*, 15 S.C.L. (4 McCord) 354, 356–59 (1827); and *Padgett v. Sun News*, 292 S.E.2d 30, 32–33 (S.C. 1982).

The Greenville County Sheriff's Office and the Spartanburg County Sheriff's Office are immune from suit under the Eleventh Amendment. Sheriff's Departments in South Carolina are state agencies, not municipal departments. *See* S.C. Code Ann. § 23-13-550 (Westlaw 2015); 1975 S.C.Att'y.Gen'l.Op. No. 47 (Jan. 22, 1975); and S.C. Code Ann. § 23-13-10 (Westlaw 2015) (providing that only the Sheriff has the authority to

hire or terminate employees of the Sheriff's Department, and that the Sheriff is responsible for neglect of duty or misconduct by a deputy sheriff); *see also Edwards v. Lexington Cnty. Sheriff's Dep't*, 688 S.E.2d 125, 127 n.1 (S.C. 2010) ("However, under South Carolina law, the sheriff and sheriff's deputies are State, not county, employees."); *Allen v. Fid. and Deposit Co.*, 515 F. Supp. 1185, 1189–91 (D.S.C. 1981) (County cannot be held liable for actions of deputy sheriff because deputy sheriffs serve at pleasure of the Sheriff, not the County), *aff'd*, 694 F.2d 716 (4th Cir. 1982) [Table]; and *Comer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (suit against Sheriff of Greenville County: ". . . Sheriff Brown is an arm of the State.").

The Magistrate Court for Spartanburg County is an integral part of the government of the State of South Carolina. *See* S.C. Const. Article V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); and *City of Pickens v. Schmitz*, 376 S.E.2d 271, 272 (S.C. 1989). As a result, the Spartanburg County Magistrate's Office is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. *See, e.g., Fed. Maritime Comm'n v. South Carolina State Ports Auth.*, 535 U.S. 743, 744–45 (2002).

The media defendants in this case have not acted under color of state law. *See Am. Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–52 (1999); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); and *Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980). The "lead" defendant, Jennifer Leigh Martin, did not act under color of state law when she reported the plaintiff's harassment to law enforcement authorities: "a private person does not act under color of state law simply because he invokes state authority." *Brummett v. Camble*, 946 F.2d 1178, 1184 (5th Cir. 1991) (quoted in *Anderson v. Posey*, Civil Action No.

2:10-3180-TLW-RSC, 2010 WL 6562897, at *3 (D.S.C. Dec. 23, 2010), *adopted by* 2011 WL 1595265 (D.S.C. Apr. 27, 2011)).

        Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process.  The plaintiff's attention is directed to the Notice on the next page.

September 17, 2015                                                                Kevin F. McDonald  
Greenville, South Carolina                                     United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).